## BAISH v. UNITED STATES.

### No. 1505.

Circuit Court of Appeals, Tenth Circuit.

June 21, 1937.

James T. Burke, of Denver, Colo. (Jean S. Breitenstein, of Denver, Colo., on the brief), for appellant.

David H. Morris, Asst. U. S. Atty., of Denver, Colo. (Thomas J. Morrissey, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

An indictment was returned against Richard Forgino, Arthur Baish, and Marie Baish charging that in February, 1936, they transported, caused to be transported, and aided and assisted in the transportation of, Rose Forgino from Denver, Colo., to Laramie, Wyo., for the purpose of having her engage in prostitution in violation of the act approved June 25, 1910 (section 2, 18 U. S.C.A. § 398). All of them were found guilty. Marie Baish prosecutes this appeal alone.

The sufficiency of the evidence to support the judgment is challenged. There was testimony establishing these facts. The prosecuting witness and Richard Forgino were married in Colorado in June, 1935, she being only seventeen years of age at the time. They went to Cheyenne, Wyo., the following day. He took her to a house of prostitution there, told her that he needed some money, and introduced her to the woman conducting the house. She obtained a certificate from a physician, engaged in prostitution two days, and gave the money earned to her husband. She was then placed in jail and, after being released, they returned to Colorado. Appellant conducted the Osage Rooms in Colorado Springs. The prosecuting witness met her and Arthur Baish there some time after returning from Cheyenne. The prosecuting witness told appellant that she was looking for a place to work. Appellant replied that she might have it, introduced her to another girl in the house, and assigned her to a room. She engaged in prostitution there four days, and gave the money earned to appellant. She told appellant her age, and in response appellant advised her to tell everybody that she was twenty-one years old. She later returned to the home of her mother, and next saw appellant on or about February 10, 1936. She was in jail in Denver at the time and appellant came there. Appellant said that she had closed her place in Colorado Springs and was living at Laramie; that she had an eleven-room hotel and would like to have the prosecuting witness come there as Baish and Forgino were going to open a restaurant and the prosecuting witness could rest. The prosecuting witness was released from jail two days later, and Forgino took her to a hotel in Denver. Baish came to the hotel the next day with Forgino. Baish, Forgino, and the prosecuting witness then went to the home of a sister of Forgino in Denver and the prosecuting witness got her clothes. They then went by automobile to Laramie. The automobile belonged to appellant and Baish drove it. They arrived at a house of prostitution being conducted by appellant at about 8 or 9 o'clock in the evening. Appellant showed her the room she was to occupy, told her what it was for, and directed her to get ready to ply her trade, as she owed appellant some money and had to work to pay it. Appellant directed her to begin immediately and that she would take her to the office of a physician the following day to secure a certificate. She engaged in prostitution four days and gave the money earned to appellant and Forgino. Shortly before the prosecuting witness went to Laramie, appellant told a girl engaged in prostitution in the house that a very cute little girl was coming and would

be competition. Appellant introduced the prosecuting witness to the girl as Joan and said that she could use the room which the other girl had used. Appellant admitted on the witness stand that the place she conducted in Laramie was a house of prostitution. She and Baish admitted that the prosecuting witness was at the Osage Rooms in Colorado Springs and at the rooming house in Laramie, but denied that she engaged in prostitution at either place. Baish further admitted that he, Forgino, and the prosecuting witness went by automobile from Denver to Laramie, but said the purpose was for Forgino to work on a homestead belonging to Baish.

An extended analysis of the evidence is unnecessary. It will be noted that, according to the testimony which the jury doubtless believed, appellant urged the prosecuting witness to come to her place in Laramie. She owned the automobile in which the trip was made. She told a girl engaged in prostitution there that a cute girl was coming and would be competition. Immediately after the prosecuting witness arrived, appellant introduced her to the other girl as Joan, showed her a room, directed her to begin her trade immediately in order to pay some money due appellant, and told her that she would assist in securing a medical certificate the following day. And, she took part of the money which the prosecuting witness earned. The facts and the inferences reasonably to be drawn from them point convincingly to the guilt of appellant and constitute substantial evidence to support the verdict.

■ It is argued that the court erred in admitting the testimony concerning the trip to Cheyenne and the acts of prostitution occurring there. It is said that all of such testimony related to a separate and distinct offense from that charged in the indictment, and therefore, was inadmissible. Generally evidence of other offenses is not admissible in the trial of a criminal case, but there are many exceptions to the rule. One is that where intent is an essential element of the offense charged in the indictment, evidence of other similar crimes not too remote in time may be introduced to establish the alleged intent. The exception is too well established for serious argument. Coulston v. United States (C.C.A.) 51 F.(2d) 178; Butler v. United States (C.C.A.) 53 F.(2d) 800; Minner v. United States (C.C.A.) 57 F.(2d) 506; Strader v. United States (C.C.A.) 72 F.

(2d) 589; Breedin v. United States (C.C. A.) 73 F.(2d) 778; Carney v. United States (C.C.A.) 79 F.(2d) 821; Johnson v. United States (C.C.A) 82 F.(2d) 500. The testimony in question was clearly admissible as bearing upon the intent with which Forgino participated in the transportation of the prosecuting witness from Denver to Laramie. At the time it was admitted the court expressly confined it to that defendant and told the jury in plain language that they could consider it only as against him. No reference was made to the matter in the instructions, but no exception was taken on that ground, and no requested instruction was tendered. In fact, it was not called to the attention of the court in any manner.

■ It is further contended that error was committed in admitting the challenged testimony before there was proof establishing the offense laid in the indictment. The order in which proof shall be received rests largely in the sound discretion of the trial court and his determination of it will not be disturbed on appeal unless there was an abuse of such discretion. Thiede v. Utah Territory, 159 U.S. 510, 16 S.Ct. 62, 40 L. Ed. 237; Putnam v. United States, 162 U.S. 687, 16 S.Ct. 923, 40 L.Ed. 1118; Urban v. United States (C.C.A.) 46 F.(2d) 291; Dunlap v. United States (C.C.A.) 70 F.(2d) 35; United States v. Hirsch (C.C.A.) 74 F.(2d) 215. No abuse of discretion is disclosed here, and the argument is without merit.

■ The final complaint is that the assistant district attorney asked appellant four questions in the course of cross examination as to whether she had been arrested for conducting a disorderly house in Colorado Springs. The first and second questions were answered without objection. Upon objection being interposed to the third, the court directed that it be confined to conviction and it was not answered. Objection was made to the fourth and sustained. No request was made to strike the answers given without objection; none was made to direct the jury to disregard the questions; and there was no suggestion that a mistrial be declared. Appellant had testified that she conducted a rooming house in Colorado Springs and that the prosecuting witness did not engage in prostitution for her at that place. The prosecuting witness testified that it was a house of prostitution; that she engaged in prostitution there; and that she gave

the money to appellant. The announced purpose of the questions was to impeach appellant as to the kind of house conducted. Without deciding whether the questions were proper, it is enough to say that there is nothing in the record to indicate remotely that they were propounded with deliberate or preconceived impropriety or in bad faith; and it is manifest that the rights of appellant were not prejudiced. A conviction will not be disturbed where the whole record fails to disclose substantial prejudice. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314.

The judgment is affirmed and the mandate will issue immediately.