·Girard William MORLAN, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5198.**

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1956.

Ben D. Browning, Salt Lake City, Utah (Edward M. Garrett, Salt Lake City, Utah, on the brief), for appellant.

C. Nelson Day, U. S. Atty., Salt Lake City (A. Pratt Kesler, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, Chief Judge, HUXMAN, Circuit Judge, and MELLOTT, District Judge.

BRATTON, Chief Judge.

An information was filed in the United States Court for Utah charging that Girard William Morlan knowingly transported in interstate commerce from Salt Lake City, Utah, to Las Vegas, Nevada, a girl named Patricia Ann Hyde, also known as Patricia Ann Green, for the purpose of prostitution. The case was tried and the jury was unable to agree upon a verdict. Later, an indictment was returned in the same court charging that Morlan knowingly transported in interstate commerce from Salt Lake City to Las Vegas a girl named Beth Mounteer for the purpose of prostitution. The cases were consolidated for trial and the defendant was found guilty in both cases. In the first case he was sentenced to imprisonment and in the second he was placed on probation. He appealed from the judgment in the first case but not from the judgment or order in the second case placing him on probation.

The jurisdiction of the court to try appellant on the information in this case is challenged. The substance of the argument in support of the contention is that a single offense was committed; that both the information and the indictment charged such offense; that the indictment was returned after the filing of the information; and that therefore the indictment superseded the information. The information and the indictment were predicated upon a single transportation of two women for purposes of prostitution. And the indictment was returned after the filing of the information. But the return of the indictment did not operate to supersede the information or to extinguish the jurisdiction of the court to try appellant upon the information. Thompson v. United States, 9 Cir., 202 F. 401, 47 L.R.A., N.S., 206; United States v. Strewl, 2

Cir., 99 F.2d 474, certiorari denied, 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039, 2 Cir., 162 F.2d 819, certiorari denied, 332 U.S. 801, 68 S.Ct. 92, 92 L.Ed. 381.

The jurisdiction of the court to try appellant on the information is challenged on the further ground that he was compelled to stand trial on two charges for the same offense. The argument in support of the contention proceeds upon the level that appellant was wrongfully subjected to double jeopardy. But the constitutional immunity against being twice placed in jeopardy for the same offense is a personal right which may be waived. Callahan v. United States, 10 Cir., 35 F.2d 633; Bracey v. Zerbst, 10 Cir., 93 F.2d 8; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545; McGinley v. Hudspeth, 10 Cir., 120 F.2d 523. The record fails to indicate that the question of double jeopardy was presented to the trial court in any manner and therefore it was waived.

Complaint is made that the court improperly admitted evidence relating to certain acts and conduct on the part of appellant after the transportation charged in the information. The particular testimony in question was given by one of the women who were transported from Salt Lake City to Las Vegas. She testified in substance that she and the appellant remained in Las Vegas about ten days or two weeks; that the two of them then returned to Salt Lake City together, traveling in appellant's automobile; that while they were enroute one tire blew out; that appellant took a tire off another automobile; that members of the police force were watching him; and that he spent the night in jail. And the witness further testified that some time after their return to Salt Lake City, she told appellant she was going to quit the practice of prostitution; and that later while having a gun in his hand appellant told her "either go back to work for him or I knew what happened to other girls who didn't." It is argued that the evidence tended to establish other offenses; and that it merely served to inflame the jury against appellant. In a case of this kind evidence tending to show immoral conduct and relations of the parties within a reasonable time before or after the transportation is admissible as bearing upon the purpose and intent with which the female was transported. Neff v. United States, 8 Cir., 105 F.2d 688. And where intent is an essential element of the offense charged, evidence throwing light upon that element is admissible even though it tends to prove the commission of another crime at a different time and place not too remote in time. Suhay v. United States, 10 Cir., 95 F.2d 890; certiorari denied, 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543; Baish v. United States, 10 Cir., 90 F.2d 988. The evidence was admissible as throwing light upon the question of the intent and purpose with which appellant transported the women from Salt Lake City to Las Vegas.

Error is predicated upon the instructions given to the jury. Rule of Criminal Procedure 30, 18 U.S.C., provides in presently pertinent part that no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to deliberate, stating distinctly the matter to which he objects and the grounds of his objection. Appellant took only a general exception to the instructions as a whole. He did not direct his exception to any particular part or parts of the instructions, and he failed to state any ground or grounds of objection. Having failed to comply with the plain requirements of the rule, no question concerning the instructions was preserved for review on appeal. Benatar v. United States, 9 Cir., 209 F.2d 734, certiorari denied, 347 U.S. 974, 74 S.Ct. 786, 98 L.Ed. 1114; Estep v. United States, 5 Cir., 223 F.2d 19, certiorari denied, 350 U.S. 863, 76 S.Ct. 105.

Error is also predicated upon the failure of the court to grant a new trial. It is argued that the court should have ordered a new trial when it learned that

during the trial the son of a juror was expecting to be appointed as special agent for the Federal Bureau of Investigation and that while the trial was in progress he did receive such appointment. An affidavit of the juror was filed in the case on the day the sentence was imposed. But the record fails to indicate in any manner that a motion for new trial was interposed. And having failed to seek a new trial by a motion seasonably filed, appellant waived whatever right, if any, he may have had thereto.

One contention remains for consideration. It is that there was only one violation of law and that by the judgments in the two cases appellant is being subjected to double punishment for a single offense. The evidence in its entirety disclosed without divergence or disagreement that appellant and the two women went together in his automobile from Salt Lake City to Las Vegas. There was only one trip. By such trip, appellant transported both of the women.

And that transportation constituted only one crime. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Robinson v. United States, 10 Cir., 143 F.2d 276. But appellant has not been subjected to double punishment for the crime. The sentence imposed upon him in this case constitutes punishment. But in the other case, no judgment fixing punishment has been entered and no sentence has been imposed. In that case, appellant has merely been placed on probation. And that was not a sentence. Bartlett v. United States, 10 Cir., 166 F.2d 928. An order of that kind—standing alone and unrelated to other action on the part of the court—does not constitute punishment within the range of the prohibition of double punishment for a single crime. Should the court at some time in the future sentence appellant in the other case, he could then raise in that case the question of double punishment for the single crime. But he has no basis upon which to urge it now in this case.

The judgment is affirmed.