Claude L. O'DELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5732.

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1958.

Robert S. Eberhardt and Elmer Lee Hamby, Denver, Colo., for appellant.

James C. Perrill, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

Drawn under 18 U.S.C.A. § 2312, the information in this case charged that appellant transported a certain stolen automobile from Los Angeles, California, to a point near Salida, Colorado, knowing that it had been stolen. The jury found appellant guilty; the court sentenced him to imprisonment; and he appealed.

The first contention advanced on behalf of appellant is that the court erred in denying the motion for a directed verdict of not guilty. The substance of the

argument in support of the contention is that the word "stolen" as used in the statute, supra, is limited to the taking of a motor vehicle which amounts to common-law larceny; that it does not include embezzlement or other felonious taking not constituting common-law larceny; and that the evidence failed to show facts constituting common-law larceny. It is now settled law that the word "stolen" as used in the statute is not limited to the taking of an automobile or other motor vehicle which constitutes common-law larceny. It includes any felonious taking of a motor vehicle with intent to deprive the owner of the rights and benefits of ownership, even though it may not constitute common-law larceny. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430. The case of Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356, upon which appellant places strong reliance was different. It presented for determination an entirely different question. The question there was the construction to be placed upon the word "organize" as used in the so-called Smith Act, 54 Stat. 670, 18 U.S.C.A. § 2385. And there is no indication in the case that the court intended to enunciate a general rule of interpretation which would have the effect of narrowing or restricting the breadth of the word "stolen" as used in the Dyer Act. Appellant also places reliance upon Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905. But that case is so decisively different from this one that discussion of it is unnecessary.

■ Viewed in the light of the general rule to which reference has been made, we come to the question whether the evidence was sufficient to withstand the motion for a directed verdict and to sustain the verdict of the jury. Evidence was adduced which tended to establish these facts. Cathy's Driveaway in Chicago was engaged in the business of securing drivers for automobile dealers desiring to have automobiles transported from Chicago to various points of destination throughout the country. The company did not own the automobiles transported. They were owned by others. On August 13, 1956, appellant went to the place of business of the company and there entered into a written bailment agreement to drive the automobile described in the agreement and in the information in this case from Chicago to San Francisco. The automobile belonged to U. S. Auto Leasing Company of Chicago and was to be driven from Chicago to San Francisco. Upon reaching San Francisco, it was to be delivered to Neil McNeil. The agreement recited that Route 30 was to be followed to Salt Lake City and then Route 40 to San Francisco. Later in the day, or on the following day, U. S. Auto Leasing Company delivered the automobile into the possession of appellant for transportation to San Francisco and delivery there. Appellant departed with the automobile; did not subsequently communicate with Cathy's Driveaway; did not communicate with U. S. Auto Leasing Company; did not communicate with McNeil; and did not deliver the automobile to McNeil. On or about August 20, he was in Richmond, Missouri, with an automobile in his possession similar in description to the one delivered to him for transportation to San Francisco. On December 31, he went to the home of a friend in Torrance, Los Angeles County, California, with an automobile in his possession likewise similar to the one delivered to him for such transportation. On March 6, 1957, he was apprehended at a point near Salida, Colorado. At the time of apprehension, he had in his possession the automobile which U. S. Leasing Company had delivered to him for transportation and delivery; he took from the glove box of the automobile a copy of the bailment agreement; and he had on his person a credit card issued to R. L. Wattel, 17 Mira Mar, Long Beach, California. He stated that his name was Wattel; that the automobile belonged to a driveaway company; and that Mr. O'Dell had picked him up when he was hitchhiking and turned the automobile over to him to be transported to the State of Washington. At the time the auto-

mobile was delivered to appellant, it registered mileage of approximately 8,-800; and at the time of the apprehension of appellant it registered about 37,000 or 38,000 miles. On the occasion of his apprehension and on later occasions, appellant made certain exculpatory statements and explanations but they were not conclusive. They were for the jury. Considered as a whole, the evidence together with the inferences fairly to be drawn from it was sufficient to withstand the motion for a directed verdict and also to sustain the verdict of the jury.

■ The action of the court in admitting in evidence the credit card and the testimony of the officer who apprehended appellant detailing certain statements made by appellant relating to the card is challenged. The substance of the testimony given by the officer was that appellant said the automobile belonged to a driveaway; that the name of appellant was Wattel; that his home address was that shown on the credit card; that he was working for another company; that he charged everything on the card; and that his employer made payment therefor. It is argued that the evidence tended to show that appellant had committed a crime independent of and unconnected with that for which he was on trial and therefore it was inadmissible. Of course, an accused cannot be convicted upon evidence that he committed another offense; and ordinarily evidence tending to show the commission of a crime wholly separate from, independent of, and without any relation to the one laid in the indictment or information in the case on trial is not admissible. But that general rule is not without exception. Relevant evidence which tends to prove a material fact in the case on trial is admissible even though it incidentally shows that the accused committed another offense at a different time and place. The test in measuring the admissibility of evidence is whether it is material to any issue in the case on trial. If so, it should be admitted even though it tends to establish the commission of another crime. Suhay v. United States, 10 Cir., 95 F.2d 890, certiorari denied 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543; Troutman v. United States, 10 Cir., 100 F.2d 628; Crapo v. United States, 10 Cir., 100 F.2d 996; Legatos v. United States, 9 Cir., 222 F.2d 678. The evidence tended to establish the fact that appellant did not own the automobile; tended to establish the fact that he transported it from Los Angeles to a point near Salida, as charged in the information; and tended to throw light upon the intent and motive of such transportation. It therefore was not open to the objection that it was inadmissible because it tended to prove the commission of another crime. Morlan v. United States, 10 Cir., 230 F.2d 30.

■ The remaining contention is that the court erroneously declined to permit further inquiry into the facts relating to certain interviews of appellant occurring in jail without the presence of his counsel. It is urged that the right to have assistance of counsel in the conduct of one's defense in a criminal case is a guarantee of the Constitution; that such right means effective assistance of counsel at all stages of the proceeding; that the interrogation of appellant by an agent of the Government while appellant was in jail awaiting trial and while represented by counsel, without the presence, knowledge, or consent of such counsel, contravened the constitutional right of appellant to have the assistance of counsel; and that he should have been permitted to inquire into the circumstances of the interviews and to have claimed his rights as the facts might warrant. The witness Sheets testified that he was a special agent of the Federal Bureau of Investigation; that he interviewed appellant on three different occasions; that one interview occurred at the jail in Salida; that the other two occurred in the jail at Denver; and that on each occasion he advised appellant that he did not have to talk; that he had the right to have an attorney; and that anything he said could be used in court against him. In the course of di-

rect examination, the witness testified at length concerning statements made by appellant during the interviews relating to the circumstances under which he obtained possession of the automobile; concerning the route traveled in transporting it to California; concerning a long distance telephone conversation had with a representative of the driveaway company relating to the placing of new tires on the automobile while in route; concerning long distance telephone direction to deliver the automobile at a specified address in Los Angeles rather than to McNeil in San Francisco; concerning an unsuccessful effort to deliver the automobile at the address in Los Angeles; concerning the circumstances under which he brought the automobile into Colorado; and concerning the credit card. Throughout the long direct examination, no objection was made to any of the testimony upon the ground that the statements were made in the absence of counsel. After the witness had completed his testimony upon direct examination and after he had testified in the course of cross-examination concerning many of the statements made during the interviews, he was asked whether at the time of the second and third interviews he knew that appellant was represented by counsel. He stated that, at the time of such interviews, he knew appellant was represented by counsel; that he did not inform counsel that he was going to interview appellant; that counsel was not present; and that he did not know whether counsel was advised in advance that the interviews would be had. Upon the question being raised for the first time at that juncture of the proceeding, the court held in effect that any objection to the testimony upon the ground that the interviews occurred during the absence of counsel had been waived and that further cross-examination designed to lay a predicate for such objection was not proper. It is clear that if the objection to the evidence upon the ground that the interviews took place during the absence of counsel was ever available to appellant, it was effectively waived after the evidence had been adduced upon direct examination without objection or challenge and much of it had been amplified in the course of cross-examination. And the objection having been waived, it was not error for the court to decline to permit further cross-examination of the witness for the purpose of laying a predicate for a motion to strike the evidence or of challenging it in some other manner.

The judgment is affirmed.