Montrose GARDNER, Appellant,

v.

UNITED STATES of America, Appellee.

Morris ROCKFELD, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 6341, 6342.

United States Court of Appeals
Tenth Circuit.

Oct. 17, 1960.

David H. Morris of Murphy & Morris, Colorado Springs, Colo., for appellants.

Donald G. Brotzman, U. S. Atty., Denver, Colo. (W. Richard McMartin, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

█ The appellants in these consolidated cases were found guilty on two counts of an indictment charging the formation of a conspiracy by the appellants and others violative of 18 U.S.C. § 371, and the commission of the offense for which the conspiracy was entered, the interstate transportation of a falsely made, forged and counterfeited security, 18 U.S.C. § 2314. They appeal, urging in the most general terms numerous asserted errors in the trial including the admission of evidence, instructions of the court, the sufficiency of the evidence and the conduct of the trial court in limiting cross-examination to such an extent as to become, so say appellants, an advocate for the prosecution. In regard to the last contention, since we are in complete accord with the view that the accused were entitled to full and complete cross-examination of the government's witnesses and that a trial judge should never evince the attitude of an advocate, we have carefully examined the record for evidence supporting the contention. We find none. To the contrary we find a conscientious effort upon the part of the court to expedite the trial while permitting the defense all reasonable latitude in establishing a theory of innocence. The right to full cross-examination is not the right to totally unrestricted cross-examination; and where, as here, particular questions are correctly ruled to be improper it is the duty of counsel to submit to such ruling and not attempt to circumvent the court's order by persistent repetition of inquiry requiring repetition of ruling. In the instant case, appellants point to several incidents where the court ruled out questions without first having an objection

from the prosecution. But the circumstances were such that the questions were argumentative, repetitious in the extreme, or subject to an earlier considered ruling by the court. We believe that the control used by the trial court was not only justified but, indeed, was dictated by the duty of the moment.

█ The assignments of error directed to the merits of the case require little discussion. The essence of the substantive charge made against appellants was premised upon the negotiation of a check in the amount of $385.00 drawn on the Webster Groves Trust Company, Webster Groves, Missouri, and deposited to the account of Thomas Clark at the Mountain States Bank in Denver, Colorado. The check was a forgery, the signature of the payor having been traced from a true instrument earlier cashed at a night club operated by appellants. The account of Thomas Clark was one established at the instance of appellants under a fictitious name. The subject check was deposited in the account at the direction of appellants. The true check was negotiated after endorsement by the appellant Rockfeld. Against this factual background, appellants assert that it was error to receive in evidence other forged checks deposited at the direction of appellants in the fictitious Thomas Clark account but which were drawn upon Colorado banks and consequently did not reach the stream of interstate commerce. The evidence was properly admitted, for the intent and knowledge of appellants in introducing the false Missouri check into interstate commerce were matters to be explored under 18 U.S.C. § 2314, Morlan v. United States, 10 Cir., 230 F.2d 30, and the evidence relevant to demonstrate the overt acts committed in pursuance of the conspiracy. United States v. Migliorino, 3 Cir., 238 F.2d 7.

█ The trial court's refusal to give defendants' requested instruction to the effect that the testimony of certain witnesses must be accorded only the weight given to the evidence of accomplices is cited as error. The trial court gave the

usual cautionary instruction approved in Pina v. United States, 9 Cir., 165 F.2d 890, but permitted the jury to determine whether or not the witnesses were in fact accomplices. This was clearly proper under disputable inferences of the testimony, Cleaver v. United States, 10 Cir., 238 F.2d 766.

Finally, appellants assert that the evidence conclusively shows that they had no opportunity to trace and forge a check admitted in evidence as government's Exhibit 5 because the tracing was made from a true check cashed at appellants' night club one evening and negotiated by an employee the next morning. The argument is unrealistic for it points to only one possible inference of the evidence and could, in any event, be no more than a failure of proof upon one of many supporting incidents proved by the prosecution.

Other claims of error have been considered and found to be similarly without merit.

Affirmed.