**Virgil William MILLS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8644.**

United States Court of Appeals
Tenth Circuit.

Oct. 18, 1966.

Michael V. Makaroff, Aurora, Colo., for appellant.

Lawrence A. McSoud, Asst. U.S. Atty., Tulsa, Okl. (John M. Imel, U. S. Atty., Tulsa, Okl., with him on the brief), for appellee.

Before PICKETT and HILL, Circuit Judges, and CHILSON, District Judge.

PICKETT, Circuit Judge.

Appellant Mills was convicted and sentenced in the United States District Court for the Northern District of Oklahoma for transporting a motor vehicle from Reno, Nevada to Oklahoma, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. On this appeal it is contended that the trial court erred in

admitting evidence of criminal offenses other than the one for which the accused was being tried.

■ On April 11, 1965, Mills agreed to purchase a 1959 Pontiac automobile in Reno, Nevada, for $780.00, and gave the owner a check for the purchase price, drawn on the Frost National Bank of San Antonio, Texas. Mills did not have an account in the San Antonio bank, and the check was returned unpaid, whereupon the owner of the car reported the vehicle as stolen.[1] On April 26, 1965, Mills was arrested on an Oklahoma highway in possession of the Pontiac.

■ At the trial the prosecution, after establishing that Mills obtained possession of the automobile in the manner aforesaid and the interstate transportation thereof, offered evidence that Mills had issued a large number of no-fund checks in different states over a period of several months before and after the automobile transaction. The court, over the objection of defense counsel, admitted this evidence upon the theory that it showed a common design and course of conduct which tended to establish the crime charged. It is fundamental in the criminal jurisprudence of this country that a person charged with a criminal offense has the right to assume that he will be tried for that offense only and will not be required to meet evidence of other, unrelated, criminal acts. This rule ordinarily excludes all evidence of crimes unconnected with the offense charged. Cram v. United States, 10 Cir., 316 F.2d 542; Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331; Harbold v. United States, 10 Cir., 255 F.2d 202; O'Dell v. United States, 10 Cir., 251 F.2d 704; 22A C.J.S. Criminal Law § 682. There are, however, exceptions to the general exclusionary rule relating to other offenses. To be admissible, evidence of other criminal acts must tend to prove the accused guilty of the crime charged, to connect him with the crime, or to prove some particular element or material fact of the crime. Evidence of other offenses is admissible if it shows motive, intent, knowledge, or a course of conduct on the part of the accused. Hughes v. United States, 10 Cir., 320 F.2d 459, cert. denied 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415; Weeks v. United States, 10 Cir., 313 F.2d 688, cert. denied 373 U.S. 922, 83 S.Ct. 1523, 10 L.Ed.2d 421; Tandberg-Hanssen v. United States, supra; Harbold v. United States, supra; 22A C.J.S. Criminal Law § 683, et. seq. Most of the record is devoted to proving the issuance of these checks and the fraudulent quality thereof. The test of admissibility of evidence of this nature is whether it is material to any issue in the case and tends to prove the crime charged. Woodland v. United States, 10 Cir., 347 F.2d 956; Weeks v. United States, supra; O'Dell v. United States, supra; Suhay v. United States, 10 Cir., 95 F.2d 890, cert. denied 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543. None of these checks, except the one written to the owner of the Pontiac automobile, had anything whatever to do with the acquisition of the Pontiac automobile and its interstate transportation as charged in the indictment. The checks were issued for various purposes—some for the purchase of liquor, some for supplies and cash, and one for the purchase of a shotgun. They may have tended to establish a course of conduct in issuing and cashing fraudulent checks, but Mills was not charged with that offense. The evidence was not within the exceptions to the general rule, and its admission was prejudicial to the defense.

Reversed and remanded for a new trial.

---

[1]. The term "stolen", as used in Section 2312 has been held to include the felonious taking of a motor vehicle with intent to deprive the owner of the rights of ownership. O'Dell v. United States, 10 Cir., 251 F.2d 704.