## UNITED STATES of America, Plaintiff-Appellee,

v.

## ALLSTATE MORTGAGE CORPORATION et al., Defendants-Appellants.

### No. 74–1322.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1974.

Decided Dec. 10, 1974.

Rehearing Denied Jan. 13, 1975.

Patrick A. Tuite and Edward Genson, Chicago, Ill., for defendants-appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Michael D. Groark, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, CASTLE, and KILKENNY, Senior Circuit Judges.*

PER CURIAM.

Appellants were indicted and convicted, in a court trial, on eleven mail fraud counts in violation of 18 U.S.C. § 1341. Additionally, appellants Allstate and Karp were indicted and convicted on two and Karp alone on three false statement counts in violation of 18 U.S.C. § 1010.

## SUFFICIENCY OF EVIDENCE

 Without going into the fetid details of appellants' fraudulent schemes and false statements, it is sufficient to say that the record supports their convictions on each of the counts on which they were convicted. This is particularly true when we invoke the rule in Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and view the evidence and all permissible inferences in the light most favorable to the government. The fact that the court acquitted most of the co-defendant salesmen fortifies, rather than undermines, the validity of the convictions. This action clearly demonstrates the alertness of the court on the issue of intent. Obviously, the district court, as trier of fact, had a doubt on whether the salesmen, as distinguished from appellants, had an intent to participate in the fraudulent schemes. The record before us bears no resemblance to United States v. Maybury, 274 F.2d 899 (CA2 1960), upon which appellants rely. Nor did the court's offhand reference in its findings to co-appellant Berg's post-scheme statement in any way affect its ultimate findings of guilt against Allstate and Karp. It is clear that the court considered Berg's post-scheme statement only with reference to Berg, even though in many respects his actions characterized an important aspect of the over-all scheme to defraud. Absent a showing of substantive prejudice, the court, in a bench trial, is deemed to have considered only admissible and relevant material. United States v. Penick, 496 F.2d 1105, 1108 (CA7 1974). Even if, as contended by Allstate and Karp, the evidence was erroneously admitted as to them, the action should be considered harmless under Rule 52(a), F.R.Crim.P. There remains, aside from such evidence, an abundance of relevant and competent evidence to establish their guilt beyond a reasonable doubt.

The court's findings are sufficient to sustain the judgments of convictions as to all appellants and are fully supported by the evidence.

## IMMUNITY

Without citing authority in support of their views, appellants Karp and Allstate contend that the district court committed error in denying Allstate's petition asking that defense witness Ross be granted use immunity from self-incrimination under the provisions of 18 U.S.C. §§ 6002 and 6003. Ross, an employee of an independent mortgage company, asserted his Fifth Amendment privilege during the course of his direct examination and refused to answer questions with reference to the use of certain FHA forms.

 In the petition for immunity, appellants offered to prove that Ross would testify that it was the policy and practice of his company and, so far as he knew, the practice of the mortgage banking industry to follow the practice commonly followed by appellants in filling out the particular forms. The district court held that it had no power under the statutes to grant the petition. We agree.

In our view, there is no significant difference between the statute before the court in Earl v. United States, 124 U.S.App.D.C. 77, 361 F.2d 531 (1966), cert. denied 388 U.S. 921, 87 S.Ct. 2121,

---

* Honorable John F. Kilkenny of the United States Court of Appeals for the Ninth Circuit is sitting by designation.

18 L.Ed.2d 1370 (1967), and 18 U.S.C. §§ 6002 and 6003. Appellants' argument that the immunity involved in *Earl* was *transactional* and that the immunity before us is *use*, is a distinction without a difference. Under neither statute is anyone other than the United States Attorney, with the approval of superior officials, authorized to request an order granting immunity to a witness. While the Congress may have the power to grant appellants a right comparable to the right granted to the government, the judicial creation of such a right is beyond the power of the courts. *Earl, supra*, at 534.

The rule in *Earl* has been uniformly followed subsequent to the enactment of §§ 6002 and 6003. Cerda v. United States, 488 F.2d 720, 723 (CA9 1973); United States v. Berrigan, 482 F.2d 171, 190 (CA3 1973); United States v. Jenkins, 470 F.2d 1061, 1063–1064 (CA9 1972), cert. denied 411 U.S. 920, 93 S.Ct. 1544, 36 L.Ed.2d 313 (1973). As recently as August 6, 1974, this circuit in United States v. Ramsey, 503 F.2d 524 (CA7 1974), in speaking on the subject, said: "[T]here is no merit to the argument that a defendant has a constitutional right to have immunity conferred upon a defense witness who exercises his privilege against self-incrimination." Here, as in *Ramsey*, the prosecution did not secure any of its evidence by means of an immunity grant. Our recent decision in United States v. Watkins, 505 F.2d 545 (CA7 Nov., 1974), is consistent with these conclusions.

## OTHER CONTENTIONS

(1) Appellants Allstate and Karp complain of the receipt in evidence of other false statements to the FHA similar to those charged in the indictment. This circuit recognizes the rule that evidence of prior similar offenses is admissible if it bears a strong resemblance to the pattern of the offenses charged. This evidence is highly relevant on the issue of knowledge and intent, as tending to show a consistent pattern of conduct. United States v. Marine, 413 F.2d 214, 216 (CA7 1969), cert. denied 396 U.S.

1001, 90 S.Ct. 550, 24 L.Ed.2d 493 (1970). *See also* United States v. Jones, 438 F.2d 461, 465–466 (CA7 1971), and United States v. Turner, 423 F.2d 481, 484 (CA7 1970), cert. denied 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552.

Appellants' reliance on United States v. Baum, 482 F.2d 1325 (CA2 1973), and Mills v. United States, 367 F.2d 366 (CA10 1966), is completely misplaced. *Baum* recognizes the rule just stated, but reversed the conviction on account of the government's failure to provide, in pretrial proceedings, the name of the witness to the alleged prior crime. Reversal was further warranted by the trial court's denial of defendant's motion for a continuance to prepare cross-examination of the witness presenting the evidence of the prior offense. In substantial part, *Baum* stands for the proposition that the prosecution must disclose its witnesses to the defense prior to trial. *Mills*, too, recognizes that evidence of other offenses is admissible to show motive, intent, knowledge and course of conduct. The court reversed on the ground that only one of a large number of "no fund" checks issued by defendant and received in evidence had anything whatsoever to do with the interstate transportation of a stolen motor vehicle, the crime charged in the indictment.

Other authorities cited by appellants have received our attention, but they are no more in point.

(2) Appellant Berg maintains that the district court committed error in denying his pre-trial motion for a severance. Since the ultimate decision rests within the sound discretion of the trial judge, Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954), the appellant carries a heavy burden. Severance will be granted only for the most cogent reasons. The moving party must show that he will be unable to obtain a fair trial without severance, not merely that a separate trial will offer a better chance for acquittal. United States v. Blue, 440 F.2d 300, 302 (CA7 1971), cert. denied 404 U.S. 836, 92 S.Ct. 123, 30 L.Ed.2d 68. Another statement of the rule is that judicial economy, effi-

ciency, speed and the public interest in avoiding multiple trials, dictates that defendants jointly indicted should be tried together, except for the most compelling reasons. Parker v. United States, 404 F.2d 1193, 1196 (CA9 1968), cert. denied 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969); United States v. Kahn, 381 F.2d 824, 839 (CA7 1967), cert. denied 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661. Our study of appellants' motion and of the evidence introduced during the course of the trial, convinces us that there was no abuse of discretion in denying the motion nor did anything occur during the course of the trial which would require the court *sua sponte* to order a severance at the close of the government's case.

(3) Appellants' other contentions are peripheral to those just discussed. We find them meritless.

The judgments of conviction are affirmed.