**UNITED STATES of America,**
**Appellee,**

v.

**Francis Nicholas ARDNER, Jr.,**
**Appellant.**

**No. 10458.**

United States Court of Appeals
Fourth Circuit.

Argued May 30, 1966.

Decided June 24, 1966.

Certiorari Denied Oct. 10, 1966.

See 87 S.Ct. 177.

Robert M. White, Norfolk, Va. (Court-appointed counsel), for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and HEMPHILL, District Judge.

### HAYNSWORTH, Chief Judge:

Tried to the Court without a jury, Ardner was convicted of the interstate transportation of a stolen motor vehicle. He has appealed, challenging the introduction of a confession and the receipt of other evidence against him. We affirm his conviction.

Using a California driver's license issued in the name of Jeffery Lynn Mazzi, Ardner had rented an automobile in Miami, Florida, which was later found abandoned in Virginia Beach, Virginia.

Three months later, Ardner was arrested in New Mexico for a traffic violation, at which time he presented a driver's license in the name of Edward J. DiSano. He was convicted in New Mexico under the name of Jeff Martello of the traffic violation and of the use of a false driver's license and remanded to jail. Later, when it was discovered that his real name was Ardner, he was convicted of yet another misdemeanor in New Mexico, with an addition of fourteen days imprisonment added to the previous sentence.

On October 5, 1965, while Ardner was being held in jail in New Mexico under the state misdemeanor convictions an agent of the Federal Bureau of Investigation in Albuquerque learned of his possible involvement in the interstate transportation of the automobile from Miami to Virginia Beach, of which he now stands convicted. He went to the jail and questioned Ardner about it. Apparently, the agent had questioned Ardner earlier on other matters and, apparently, he talked to him on more than one occasion about this one. No later than the day after the day upon which the FBI agent first received information about Ardner's possible involvement in this offense, Ardner confessed. Thereafter he was promptly presented to a United States Commissioner.

■ In now contesting the admission in evidence of his confession against him, Ardner claims a violation of Rule 5(a) of the Federal Rules of Criminal Procedure, but clearly there was no violation of that rule. There was no substantial delay between the appearance of probable cause to prefer a federal charge and his presentation to a Commissioner. Ardner was being held by New Mexico authorities under misdemeanor convictions which were entirely valid, or, at least, unchallenged here. There is no semblance of a suggestion that custody of the state was pretensive or referable principally or even partially to a working agreement between federal and state law enforcement officials. He was being held under actual convictions imposed upon him after state trials of wholly unrelated offenses, unrelated, that is, to the federal crime which he confessed while in prison in New Mexico and of which he has now been convicted.[1]

■ Nor is there any basis for the claim of a violation of the principle of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Each time the agent talked to Ardner, he informed Ardner of his right to remain silent, and that, if he chose to talk, whatever he said might be used against him. He told Ardner that he had a right to counsel if he wished it, but Ardner expressed no wish for a lawyer. Indeed, there was no suggestion that his detention in New Mexico was incommunicado, or that he could not have contacted anyone he wished. Ardner did not even hint at any other coercive pressure upon him, but simply stands upon the ground that he had no lawyer at his side when he chose to talk and to reveal his involvement in the transportation of the vehicle from Florida to Virginia.

1. See Coppola v. United States, 365 U.S. 762, 81 S.Ct. 884, 6 L.Ed.2d 79; Anderson v. United States 318 U.S. 350, 63 S. Ct. 599, 87 L.Ed. 829; Birnbaum v. United States, 8 Cir., 356 F.2d 856; Young v. United States, 8 Cir., 344 F.2d 1006; Cram v. United States, 10 Cir., 316 F.2d 542.

Whatever the implications of Escobedo v. State of Illinois, the circumstances revealed by this record do not fall within any reasonable concept of their outer limits. Indeed, at the bar, counsel for Ardner was pressed into the contention that no confession should ever be admitted unless actually made in open court, a proposition we are far from prepared to accept.[2]

Ardner also complains of the admission of evidence of another transportation offense by him, but, in the receipt of such evidence in this trial before the court without a jury and in the context of the other proof the Government had introduced, we find no error affecting any substantial right of the defendant.

Affirmed.

2. Since the initial circulation of this opinion, the Supreme Court has announced its opinions in a quartet of cases it took to clarify the Escobedo doctrine. The majority opinion confirms our conclusion here. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (decided June 13, 1966.)