**William Andrew WARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10044.**

United States Court of Appeals Tenth Circuit.

Sept. 9, 1968.

See also, D.C., 240 F.Supp. 659.

Robert J. Welter, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an appeal from a conviction for a violation of the Dyer Act, 18 U.S. C. § 2312. The appellant, William Andrew Ward, contends that the trial court erred in denying his motions for acquit-

tal and new trial. These motions assert that the evidence is insufficient to sustain a finding that the car was stolen and that even if the car were stolen, there is insufficient evidence to show transportation in interstate commerce after the appellant formed the intent to steal the car.

The facts are not in dispute. The appellant obtained the car from a Madison, Wisconsin, rent-a-car agency on October 31, 1967, under an assumed name by the use of another person's driver's license. The initial lease term was for two days and was subsequently extended by telephone for an additional two days. The appellant drove the car to Dodge City, Kansas, where, on November 11, 1967, he fled from an officer after having been stopped for a potential traffic infraction. Appellant was apprehended November 14, 1967, in Westminster, Colorado.

Appellant has never claimed he owned the car, nor has he explained why the car was rented under an assumed name. Evidence was introduced to prove that the car owner was a leasing agency in Madison, Wisconsin. The vehicle was found in Colorado in the possession of the appellant.

The appellant's first ground for alleged error was discussed in a recent and similar case by this court:

"In this type of a prosecution. when the possession of the vehicle has been lawfully obtained and there is no direct evidence on the intent of the accused thereafter, it is proper to look at all of the facts and circumstances to ascertain if the accused did have the intent to steal the car or to retain unlawful possession of the vehicle. * * * From [the undisputed] * * facts the jury, as it did, could properly infer that he [the appellant] had the intent to steal the car." Johnson v. United States, 384 F.2d 388, 389 (10th Cir. 1967).

As for the appellant's second allegation of error, the interstate transportation of the car after it was converted, this court has said:

"[P]roof of possession of an automobile recently stolen in another state, unless satisfactorily explained, will support an inference that the possessor knew the vehicle was stolen and that he transported it in interstate commerce." Wheeler v. United States, 382 F.2d 998, 1000 (10th Cir. 1967) (citations omitted).

The acquisition of the vehicle by use of another's driver's license coupled with the flight from a Dodge City, Kansas, officer in and of themselves are adequate facts to support the conclusions of the jury. When coupled with the balance of the evidence, this court cannot say that the trial court made a legally insufficient determination of the appellant's motions.

Affirmed.