UNITED STATES of America,
Plaintiff-Appellee,

v.

Earl James BRIDGES, Defendant-
Appellant.

No. 126-68.

United States Court of Appeals
Tenth Circuit.

Feb. 24, 1969.

John A. Babington, Asst. U. S. Atty.,
(John Quinn, U. S. Atty., on the brief),
for plaintiff-appellee.

Thomas C. Seawell, Denver, Colo., for
defendant-appellant.

Before LEWIS, BREITENSTEIN and
HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The jury found defendant-appellant
guilty of violating the Dyer Act, 18 U.
S.C. § 2312, and he appeals from the
judgment imposing sentence. By the
false use of a credit card issued to
James W. Francis, defendant obtained a
Chevrolet automobile from a rental
agency in Phoenix, Arizona, on April 24,
1968, under an agreement to return the
car on April 27. On April 27, the car
was stopped for speeding violations near

Las Cruces, New Mexico, by a state patrol officer. One Phillips was driving and defendant was riding in the right, front seat. Phillips could not produce a driver's license. The officer asked defendant who owned the car. He replied that he had rented the car in Phoenix and produced the rental agreement. The officer immediately made a radio check and learned that the car was stolen. He then placed both defendant and Phillips under arrest and advised them of their constitutional rights. At the trial the defense offered no evidence.

The evidence is sufficient to sustain the verdict. The defendant obtained the car by fraud. The fact that he was arrested before the rental return date had expired is no defense. See McCarthy v. United States, 10 Cir., 403 F.2d 935. He may not hide behind the fact that another was driving. He wrongfully got the car in Arizona and before the arrest asserted possession by virtue of the rental agreement. The jury could reasonably infer that he had caused the interstate transportation. Wheeler v. United States, 10 Cir., 382 F.2d 998, 1000. The instruction on the inference arising from possession of property recently stolen in another state was proper. Garrison v. United States, 10 Cir., 353 F.2d 94, 95, and cases there cited. Relevant evidence of material facts was admissible even though it incidentally showed another offense. See O'Dell v. United States, 10 Cir., 251 F. 2d 704, 707.

The state patrolman in testifying that the defendant and his companion were taken before a justice of the peace on state charges volunteered the testimony that they "refused to give statements." The reference was to the state charges. No objection was made and the court was not asked to instruct the jury to disregard the answer. In the circumstances no prejudicial error occurred.

The claims of prosecutor misconduct have no substantial basis. Appellate counsel's criticism of the tactics of trial counsel establishes no reason for reversal. The record shows that the defendant was competently represented and had a fair trial.

Affirmed.