## Commonwealth *v.* Swiatkowski, Appellant.

Argued September 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward H. Weis* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
In September 1968 a burglary was committed during which various blank checks, bank statements and cancelled checks were stolen. On October 29, 1968, while attempting to cash a check stolen in the burglary, appellant was seen in possession of some of the checks and bank statements. When cashing additional checks during November and December, appellant was again seen with the stolen materials.

Appellant was tried before a judge sitting without a jury on charges of forging, uttering, publishing fraudulent instruments, and one charge of burglary, larceny, and receiving stolen goods. He was adjudged guilty on the burglary count and some of the forgery counts, and sentenced to one and a half to ten years on the burglary count. Appellant now appeals his conviction for burglary.

It has been the law in Pennsylvania that "a defendant's unexplained possession of recently stolen goods is

sufficient proof of his guilt of the crime of receiving stolen goods. Although the statute defining that crime provides as an express element that the defendant knew or had reason to know that the goods in question had been stolen, it has been reasoned that such scienter may be presumed from evidence of mere possession." *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970) (footnotes omitted). From defendant's possession of recently stolen goods, it may also be presumed that he is the thief. "Also, if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt of the charge of statutory burglary." *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A. 2d 43, 45 (1965). However, our Supreme Court's recent opinion in *Owens* has created substantial doubt as to the strength and validity of the presumption that the possessor of recently stolen goods was the thief.

*Owens* dealt with the conviction for receiving stolen goods based solely upon appellant's possession of a pistol three weeks after it was stolen. Following the general teachings of *Leary v. United States,* 395 U.S. 6, 89 S. Ct. 1532 (1969), and *Turner v. United States,* 396 U.S. 398, 90 S. Ct. 642 (1970), that a criminal presumption is unconstitutional unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. Our Supreme Court held that "[t]he 'more likely than not' test coupled with the examples provided by Leary and Turner as to how that test should be applied in a given case leave us with little doubt that the knowledge presumption concerning receipt of stolen goods is constitutionally infirm, at least as applied to the circumstances of this case. . . ." *Owens,* supra, at 324, 271 A. 2d at 233.

The circumstances of the present case are even less compelling of a conclusion that appellant committed

the burglary. As in *Owens,* there is nothing in the record touching upon how appellant originally came into possession of the stolen goods. Assuming appellant had knowledge that the checks were stolen, the Commonwealth urges that in view of appellant's "repeated forgeries, the fact that the burglar took items which could be useful only to a forger, and the fact that the burglary occurred at a time when [appellant] needed fresh blanks to continue his criminal activities," the evidence was sufficient to support a conviction of burglary.

Following the Commonwealth's argument to its logical conclusion would imply that every forger was also a burglar. Appellant argues that blank checks are frequently purchased for improper purposes by persons who would not commit a burglary. A burglar unskilled in forgery would be quite likely to throw away or quickly sell incriminating checks which were useless to him. Appellant's actions were as consistent with finding or purchasing the checks as with stealing them. Under the facts of the instant case, I do not think it was "more likely than not" that the possessor of the checks was also the thief.

As it did in *Owens,* the Commonwealth urges that the wisdom of common experience is sufficient to demonstrate the connection between possession of recently stolen goods and guilt. However, I fear, as did the Supreme Court, "that the Commonwealth attributes to us and demands of us not merely a sensitivity to the dictates of common experience but a degree of clairvoyance which we do not and shall never possess." *Owens* at 325-26, 271 A. 2d 234.

Since the Commonwealth has failed to produce sufficient evidence to prove appellant guilty of burglary beyond a reasonable doubt, I would reverse the judgment of the lower court and vacate the sentence.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.