**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Finlay DALZELL, Defendant-Appellant.**

**No. 345-70.**

United States Court of Appeals, Tenth Circuit.

June 2, 1971.

Henry G. Coors, Albuquerque, N. M., for defendant-appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The defendant-appellant, Robert Finlay Dalzell, was convicted by a jury of

transporting a stolen motor vehicle in interstate commerce knowing it was stolen, in violation of 18 U.S.C. § 2312. On appeal he contends the trial court committed reversible error by instructing that if the jury found the car was recently stolen an inference was permissible from its possession by the defendant that he knew it was stolen. He also claims abuse of discretion on the part of the trial court in failing to declare a mistrial when a government witness gave hearsay testimony in an unresponsive answer to a question on cross-examination.

The evidence is undisputed that Dalzell procured the car in California and was driving it to Florida when he was apprehended near Las Cruces, New Mexico. The controversy at the trial centered around whether or not the way it was procured amounted to larceny by fraud. The government introduced evidence that on October 22, 1969, Dalzell rented an automobile from the Hertz Corporation agency at the San Francisco, California, airport, agreeing to use it in the San Francisco area and to return it to the airport. To obtain the car Dalzell used a charge card issued by the Hertz Corporation to a Francis J. Kommelter of Waterloo, Iowa, which had been lost or stolen in 1967 and which Kommelter had not authorized Dalzell to use. Three days later, on October 25, 1969, Dalzell was arrested in possession of the car in New Mexico.

By way of explanation, Dalzell introduced evidence that while engaged in his occupation as a taxi driver in Miami, Florida, he met a man who identified himself as Francis J. Kommelter. This man hired him for $400.00 and expenses to go with him to San Francisco and drive a car back to Miami. The man, described as about fifty years of age, of medium stature, with gray or graying hair, gave Dalzell his credit cards to secure plane tickets and the two flew to San Francisco. On the way the pretended Kommelter became intoxicated and on arrival had Dalzell rent a car from Hertz, using his charge card for the

purpose. Later, Dalzell and his companion became involved in a disagreement and the other left and was not seen again by Dalzell. Being stranded without funds for transportation, he decided to drive back to Miami in the rented car and was enroute when arrested. His position at the trial, therefore, was that he had no reason to doubt the identity of his companion and his use of the credit card to obtain the automobile was innocent of any fraudulent intent. To discredit the explanation, the government introduced evidence that a young man in his twenties with dark hair and complexion named Fred Martinez was seen with Dalzell near the Miami airport, and that at the ticket counter and on the plane a person of such description accompanied Dalzell.

Obviously, this evidence presented a problem for the jury to resolve: whether or not Dalzell obtained the motor vehicle by the fraudulent use of a credit car which was not his, thereby making the vehicle "stolen" within the meaning of the statute. The evidence also posed an additional question: assuming no larceny by fraud, did Dalzell's decision to drive the car to Miami instead of returning it to the San Francisco airport as agreed amount to a decision to steal it? In either event, the evidence in the case was clearly sufficient to support a conclusion by the jury that the vehicle was in fact stolen by Dalzell. And where the jury finds that the vehicle was stolen, as it did here, we have consistently held in similar situations that possession by the defendant of a recently stolen automobile permits the inference that he knew it was stolen. United States v. Bridges, 406 F.2d 1051 (10th Cir. 1969); Maguire v. United States, 358 F.2d 442 (10th Cir. 1966); Ward v. United States, 399 F.2d 686 (10th Cir. 1968). The fact that conflicting evidence has been introduced directed to the question of whether or not the automobile was stolen by the defendant does not deprive the inference of its validity. On the contrary, the trial court might very well have gone further

and instructed the jury that possession by the defendant in the circumstances here involved permitted the inference that he stole the car, if they found his explanation unacceptable. Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966).

In Maguire v. United States, *supra*, the main issue was whether or not the defendants had taken a car belonging to one Hester with his permission or without it. We said in that case,

"The testimony of Hester provides an adequate basis for the inference that the vehicle was in fact stolen by the appellants. Their possession of the automobile in Albuquerque and the prior interstate transportation are not disputed. The recent disappearance of the automobile in Charleston, and its subsequent identification in the possession of the appellants in Albuquerque permits an inference that appellants knew it was stolen and that they had transported it in interstate commerce."

In Ward v. United States, *supra*, where the defendant rented a car from an agency in Madison, Wisconsin, on October 31, 1967, for a four day period, and eleven days later was seen with the car in Dodge City, Kansas, we held it was proper for the jury to look to all the facts and circumstances to determine whether or not the defendant after obtaining the car formed the intent to steal it, and that if he did, possession of the vehicle in another state would support an inference that he knew it was stolen. We are of the opinion, therefore, that the instruction complained of was not only correct, as conceded by the appellant, but was proper in the circumstances of this case.

 The defendant-appellant's second contention, that a mistrial should have been declared because of hearsay testimony, is in our opinion also without merit. It was part of the government's effort to discredit Dalzell's story to show that the man who accompanied Dalzell from Miami to San Francisco

was one Fred Martinez, who had been seen with Dalzell near the airport in Miami, as previously mentioned, and not anyone answering the description of Kommelter given by Dalzell. On cross-examination a witness for the government, an FBI agent, volunteered the information that Martinez had subsequently been located by the FBI office, "out in California." This was hearsay, of course, and the court promptly advised the jury to disregard the statement. We have examined the entire record and find nothing in it that requires a different conclusion than that reached by the trial court with respect to the defendant's demand for a mistrial because of the hearsay testimony. In the absence of inadmissible evidence so prejudicial that its consideration by the jury clearly cannot effectively be withdrawn by the court, the trial judge's decision in the matter will not be disturbed. McBride v. United States, 409 F.2d 1046 (10th Cir. 1969).

Affirmed.