274

Commonwealth *v.* Weaver, Appellant.

Submitted April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 22, 1971.:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County by the defendant-appellant, Joseph Weaver, and from the order of the court below denying post-conviction relief.

The appellant was indicted for burglary, larceny and receiving stolen goods. He was convicted of burglary and sentenced to a term of imprisonment of not less than five years nor more than ten years. The motion for a new trial was denied and no appeal taken. However, in the order dismissing the post-conviction motion, the appellant was permitted to file an appeal from the judgment of sentence, nunc pro tunc.

The case involves a long list of collateral attacks by the appellant who has a long criminal record for burglary in several counties of Pennsylvania and in Ohio and so well indicates the present problems of our Courts in criminal proceedings.

On September 9, 1960, he filed a Petition for a Writ of Habeas Corpus, which was denied on the ground that it raised questions of trial error which could only be reviewed on appeal.

A second Petition for a Writ of Habeas Corpus was filed on August 17, 1961, which the court below treated as a Writ of Error or Coram Nobis. The court dismissed this writ on the ground that it was an attempt to use the writ as a motion for a new trial and a substitute for an appeal.

The appellant appealed from this order to this Court and by an opinion, per curiam, the court below was affirmed. *Commonwealth ex rel. Weaver v. Maroney*, 198 Pa. Superior Ct. 61, 182 A. 2d 259 (1962), cert. denied, *Shimko v. Maroney*, 371 U.S. 915.

A third petition for a Writ of Habeas Corpus was dismissed without hearing on July 2, 1964. On appeal

to this Court, the court below was affirmed, per curiam, 205 Pa. Superior Ct. 745, 209 A. 2d 446 (1965). Allocatur denied by the Supreme Court on July 10, 1965.

On August 5, 1965, appellant appealed the denial of allocatur by the Supreme Court to the United States District Court for Western Pennsylvania. On October 7, 1965, the District Court denied the writ. On October 22, 1965, a request for reconsideration was denied by the District Court. On February 10, 1966, the District Court denied appellant's Certificates of Probable Cause stating there was no reason to do so.

The present appeal is from a post-conviction hearing in which it was alleged that evidence was introduced that had been obtained pursuant to an unlawful arrest; the denial of his constitutional right to competent counsel; the unconstitutional use by the state of perjured testimony; the obstruction by state officials of petitioner's right to appeal; the acquiring of after-discovered evidence which would have affected the outcome of the trial.

After a full hearing, the court entered an opinion and order dated October 22, 1970, dismissing the petition but permitting him to appeal from the judgment of sentence as well as from the order.

We agree with the court below that most of the complaints of the appellant are utterly without merit and a shotgun approach is evident throughout this appeal so that we will discuss only the questions of the sufficiency of evidence; adequacy of counsel; and the question of possession of recently stolen property.

As to the sufficiency of the evidence, the facts may be summarized as follows: On December 26, 1959, the home of Helen and Victor Sidone was burglarized between the hours of 5:45 and 6:50 P.M. after a milk box had been thrown through a picture window in their

living room. Mrs. Sidone was working at the time and Mr. Sidone had gone for a walk, to his mother-in-law's house, returning at 6:50 P.M. A search of the home revealed the following articles missing: a portable television, a phonograph, a clock still in the original cardboard box, phonograph records, a lighter, two watches, and one hundred and eighteen dollars in cash. The value of the missing articles was approximately five hundred dollars.

Helen Sidone testified that the missing clock had been under the Christmas tree, and while she was watering the tree, she spilled some water on the clock, staining the inside. She identified the clock which appellant had given to Miss Martha Chandler as her stolen, water-stained clock.

Officer Ujevich testified that on January 28, 1960, he visited Miss Chandler in McKeesport Hospital and asked her if she had received any gifts recently from the appellant; she stated to him that on December 26, 1959, the appellant had given her the clock.

Martha Chandler testified that on December 26, 1959, the appellant had given her the clock and the following day she was hospitalized because of severe burns. Appellant had wrapped the clock and had given it to Miss Chandler as a Christmas present. The appellant had given her the clock between 7:00 and 7:30 p.m. on December 26, 1959, and also had said that he had a portable television which he was going to give her but did not.

Appellant was arrested on January 25, 1960, at approximately 7:00 p.m.

The test of the sufficiency of the evidence is whether accepting as true all the evidence upon which, if believed, the jury could have properly based its verdict, it is sufficient in law to prove the defendant's guilt be-

yond a reasonable doubt. *Commonwealth v. Rankin,* 441 Pa. 401, 272 A. 2d 886 (1971).

The robbery occurred between 5:45 p.m. and 6:50 p.m. During this period of time the appellant was in the area of the burglarized home. Within minutes after the robbery or between 7:00 p.m. and 7:30 p.m., the appellant gave the witness the stolen clock.

He complains that he was denied effective counsel: The Pennsylvania Supreme Court has recently affirmed their standard to determine the effectiveness of counsel in *Commonwealth v. Waters,* 441 Pa. 51, 273 A. 2d 329 (1971). The Court in that case cited *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967) stating at page 515: "As we declared in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967) : 'Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives . . . The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.' "

A careful examination of this record shows that he was indeed represented by competent counsel who served him well as found by the court below who heard the testimony of the appellant and his counsel. He diligently cross-examined all witnesses and raised pertinent objections throughout the trial. He attempted to demonstrate to the jury that the appellant was not at the scene of the robbery and had innocently procured the clock.

Counsel was unable to secure for the appellant a witness to corroborate his story. The Commonwealth contended no such witness existed. He testified that he bought the clock from a person named Jimmy that he had seen in Clairton. He said he paid Jimmy one dollar for the clock. He was familiar with Clairton but did not know the last name of this man and counsel was unable to locate him. It is easily understood how a jury would find such testimony unreasonable and unbelievable.

Counsel emphatically denied that he had asked derogatory questions of appellant at the counsel table that the jury could hear and stated his whispered conferences could not be heard by the jury. Counsel testified that the appellant was present at the selection of the jury. The appellant made catch-all accusations against everybody. The court below resolved credibility against the defendant and found that he had received a diligent defense. See *Commonwealth v. Waters,* supra; *Commonwealth v. Skipper,* 440 Pa. 576, 271 A. 2d 476 (1970); *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730 (1966); *Commonwealth ex rel. Crosby v. Rundle,* 415 Pa. 81, 202 A. 2d 299 (1964).

Unexplained possession of property recently stolen was sufficient in itself to warrant a jury in finding a defendant guilty of the crime of receiving stolen goods. *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 206 A. 2d 43 (1965).

However, in the recent decision of the Supreme Court, *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), the Pennsylvania Supreme Court held that a conviction on mere possession of stolen goods unexplained is constitutionally infirm. However, in that case the recently stolen article was a revolver and was used as evidence of receiving stolen goods and the

court held that the mere possession of the stolen revolver two weeks after the theft was not sufficient to raise an inference to convict of receiving stolen goods.

Here, however, the clock was in the possession of the witness within minutes after the theft having been given to her as a Christmas present by the appellant. This is more than mere suspicion and is clearly circumstantial evidence from which the jury can draw an inference of guilt in view of the unreasonable explanation of its possession. Most certainly, *Owens* doesn't mean to do away with the introduction of such circumstantial evidence but only raises the standard that a conviction cannot be based on mere suspicion from unexplained possession.

All the other contentions of the appellant are without merit as the court below said: "There is no merit to any of Petitioner's claims. He was accorded a fair trial and was defended by competent and effective counsel. No rights then existing or subsequently recognized were violated at his jury trial or at any other time."

Order affirmed.