**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Edward BAKER, Defendant-
Appellant.**

**No. 629–70.**

United States Court of Appeals,
Tenth Circuit.

June 25, 1971.

Constance L. Hauver, Denver, Colo., for defendant-appellant.

James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for plaintiff-appellee.

Before HILL, SETH and DOYLE, United States Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a conviction for violating 18 U.S.C. § 1702 and 18 U.S.C. § 1708. Baker waived prosecution by indictment. In the Information, Count 1 charged that appellant did knowingly, unlawfully and with fraudulent intent, intercept from the United States Mail a letter containing a specified check payable to William Carroll; that the letter had not been delivered to Carroll, and that Baker opened, secreted, and embezzled same in violation of 18 U.S.C. § 1702. Count 2 charged Baker with the unlawful possession of the same check knowing it to have been stolen, embezzled or abstracted in violation of 18 U.S.C. § 1708. A jury found appellant guilty on both counts, and he now appeals.

The background facts are these. On March 4, 1970, appellant was visiting a relative who lived on the same block as William Carroll. He saw the letter on the porch of the neighboring house and after removing the check from the envelope to learn of its named payee, he proceeded to a nearby grocery store. While at the grocery store, Baker approached an employee with approximately $7.00 in groceries. Appellant apparently intended to purchase the groceries with the check which he withdrew from the envelope and handed to the cashier. When the store owner became suspicious and made an effort to stall Baker, the latter took the check and left the store. Shortly thereafter, he was stopped and arrested by police officers who found the envelope and check on his person.

Appellant argues that he cannot be convicted of intercepting a letter or of possessing a letter stolen from the United States Mail because insufficient evidence was introduced to show that the letter was ever in the United States Mail. When reviewing the record to determine a sufficiency of evidence question, the evidence is viewed in the light most favorable to the government. Conflicting evidence is not weighed and credibility of witnesses is not considered. Havelock v. United States, 427 F.2d 987 (10th Cir. 1970). To determine whether the evidence is sufficient, we look to see if there is direct and circumstantial evidence, along with reasonably drawn inferences, to support the jury verdict. Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969).

The testimony of three government witnesses, plus Exhibit 1, provide the prosecution's proof that the letter in question was in the United States Mail. A Kansas City police detective who was involved in appellant's arrest on March 4 related a statement made by Baker after his arrest. According to the detective, appellant said he was next door to Carroll's house when the letter containing the check was delivered to that wrong address. A postal inspector also questioned Baker following the latter's arrest, and he was told the same story. "It is well settled that an accused cannot be convicted of a crime on his own uncorroborated confession or admission. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192. But it is not necessary that the corroborative evi-

**1292**

dence be sufficient, independent of the statement, to prove the crime charged. The rule is satisfied if there is substantial independent evidence which will tend to establish the trustworthiness of the confession or incriminating statement." Mapys v. United States, 409 F. 2d 964, 967 (10th Cir. 1969).

 The evidence proffered to establish the trustworthiness of Baker's incriminating statement was in the form of Exhibit 1 and Carroll's testimony. Carroll testified that for a two-year period he had been receiving monthly checks from Equitable Life Assurance Society in the same amount as the check in question, and that the checks were always received through the United States Mail. Exhibit 1 was identified as the envelope in which the check was delivered. The store owner with whom Baker attempted to cash the check and the store cashier identified the envelope as the one from which appellant withdrew the check prior to his attempt at negotiating it. And the arresting officers likewise identified it as the one in Baker's possession at the time of his arrest. The envelope was addressed to William Carroll. It had the return address of the Equitable Life Assurance Society, New York, New York, and is postmarked "New York, N. Y., Jan. 28 '70."

This is sufficient corroborative evidence to establish the trustworthiness of Baker's admission. In Webb v. United States, 347 F.2d 363, 364 (10th Cir. 1965), this court held that in this kind of case "the jury's function is broad enough to allow it to make common sense inferences from proven facts and the burden of the government in this type of case does not require it to negate all unlikely but possible facets of innocence." Here the admission of Baker, plus the corroborating testimony and exhibit, provides a sufficient basis of probative facts from which the jury could properly find that the check did pass through the United States Mail.

 Appellant also argues that under the government's proof the evidence was insufficient to establish fraudulent intent in the removal of the letter from the United States Mail in violation of 18 U.S.C. § 1708. Circumstantial evidence is sufficient to prove the elements of the crime. "The opportunity for theft, coupled with the inference permitted from the unexplained possession of recently stolen property that the possessor stole the property, is sufficient for the jury to have found both theft and possession." Cotton v. United States, 409 F.2d 1049, 1053 (10th Cir. 1969).

 In addition to the testimony of the grocery store owner and the arresting officers, Baker testified at trial that when he found the envelope he opened it to find out whose name was on the check. He further admitted that he took the check to the nearby grocery store and after representing that he was Mr. William Carroll, attempted to negotiate it. It borders on the incredible to suggest that upon this evidence the jury could not infer the requisite knowledge. The cumulative evidence in this case is sufficient to support the jury's finding that appellant possessed the check in violation of 18 U.S.C. § 1708.

Affirmed.