Commonwealth *v.* Kosiorek, Appellant.

Submitted April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael J. Wherry,* Assistant Public Defender, for appellant.

*Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 21, 1971:

This appellant was tried before a jury on March 22, 1968, for burglary, larceny, and receiving stolen goods; and the jury returned a verdict of guilty to the indict-

ment charging receiving stolen goods. A sentence of from two to four years was imposed. An appeal was taken and we affirmed per curiam at 216 Pa. Superior Ct. 765, 259 A. 2d 887 (1969), and allocatur was denied by the Pennsylvania Supreme Court.

This post-conviction petition raises the same questions which we ruled on at the first appeal. Among those questions was the claim that, in charging the jury, the court committed fundamental error[1] when it charged as follows: ". . . Now what circumstantial evidence is there in this particular case? Well, the Commonwealth would have you believe that the possession of the tape recorder and the ring by Kosiorek shortly after this burglary happened permits you to raise the inference that he was a burglar because he had the possession of recently stolen property, you see, and they want you to draw an inference from that that he was the burglar at the Panzo home. There is a rule of law which provides that possession of goods recently stolen is evidence that the possessor is the thief, and if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt on a charge of burglary. It's a question for the jury to decide as to whether the guilt of the defendant is a reasonable inference of fact fairly deducible from the defendant's possession of recently stolen property in light of all of the circumstances, including the reasonableness of his explanation as to how he came into possession of the property. . . ."

In the interim, the Pennsylvania Supreme Court has, in the case of *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), overruled the long line of Pennsylvania cases which permitted a jury to infer a defendant's guilt of receiving stolen goods from

---

[1] An objection was made to the charge at trial but the court refused to alter its instructions.

his recent unexplained possession of same. Therefore, a new trial is required in this case, in view of *Commonwealth v. Owens,* supra.

Judgment reversed, and a new trial granted.

JACOBS and SPAULDING, JJ., concur in the result.