Commonwealth *v.* Swiatkowski, Appellant.

Argued November 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Edward H. Weis,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 29, 1971:

Some time in September of 1968, a burglary was committed at the law office of Segal, Weiss and Gordon, during which various blank checks, bank statements and cancelled checks belonging to the firm, the individual partners, and to the clients of the firm were the *only* items stolen. The checks were taken principally from the middle of the check book belonging to Joseph Weiss, one of the partners in the law firm.

On October 28, 1968, appellant was seen in possession of some of the stolen bank statements and cancelled checks while he was attempting to cash a check stolen in the burglary and bearing a forged signature of Joseph H. Weiss. Again on October 29, 1968, and on December 11, 1968, while cashing additional stolen checks, appellant was seen in possession of the stolen material.

Appellant was tried and convicted by a judge, sitting without a jury, of burglary and larceny as well as of the crimes of forgery and uttering and publishing fraudulent instruments and receiving stolen goods. Ap-

pellant was sentenced to a term of one and one-half to ten years on the burglary conviction, sentence being suspended on all the other convictions. The Superior Court affirmed, with Judge HOFFMAN filing a dissenting opinion in which Judges JACOBS and SPAULDING joined, and we allowed an appeal.

Appellant only raises one issue. Although he admits that the fact of his possession of the stolen checks alone was sufficient to prove him guilty of receiving stolen goods, appellant argues that the fact of such possession, without more, cannot support a finding that appellant was guilty of the burglary.

Appellant bases the argument on our decision in *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), where we held that proof that the defendant sold a recently stolen gun was not sufficient to prove that the defendant had the requisite knowledge that the gun was stolen to support a conviction for receiving stolen property. In *Owens,* we explained that the presumption of knowledge the goods were stolen from the fact of possession of the goods was unconstitutional unless, in the words of the Supreme Court in *Leary v. United States,* 395 U.S. 6, 89 S. Ct. 1532 (1969), there "is substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Owens* at page 323.

In the instant case, the proved facts were the burglary, itself, in which only checking documents were stolen, and the possession of some of these documents on more than one occasion by appellant. In addition to the fact which the Commonwealth seeks to presume flows from the proven facts, i.e., the appellant's complicity in the burglary, only two other alternative facts could flow. If the appellant did not steal the checks, then he received them from a burglar who only stole items of value to a forger, or he found the items after

such a peculiar burglar had thrown them away. Stolen blank checks, with their "appeal" limited only to forgers, would not be as easily transferrable as was the stolen gun involved in *Owens*. Consequently, it is not easily believable that a burglar would deliberately take only blank checks, of value only to a forger, under the belief that he might be fortunate enough to find a forger willing to purchase such items.

This case is somewhat similar to the case of *Cotton v. United States*, 409 F. 2d 1049 (1969), where the United States Court of Appeals for the Tenth Circuit held that the defendant's unexplained possession of stolen welfare and social security checks was sufficient to permit a jury to infer that the defendant somehow criminally participated in the theft.

Appellant argues in his brief that a "forger is unlikely to take the risks involved in committing a burglary to obtain other people's checks. Rather, he will purchase them from a burglar." Although we will take judicial notice that we are in an age of specialization, we are unwilling to agree with appellant that such specialization now makes it unreasonable to presume that a forger, who knowingly risks using recently stolen personalized blank checks in his trade, would not also knowingly risk stealing them. In fact, notwithstanding appellant's argument to the contrary, we are of the mind that the most reasonable explanation for where this forger got his checks, since they were taken in a burglary which could only have meaning to a forger, was that he was not only a forger, but also a burglar.

Order affirmed.

Mr. Justice JONES, Mr. Justice EAGEN and Mr. Justice POMEROY concur in the result.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's affirmance of the judgment of sentence for the reasons ably set forth in Judge HOFFMAN'S dissenting opinion in the Superior Court, an opinion in which Judge JACOBS and Judge SPAULDING joined. See 218 Pa. Superior Ct. 112, 275 A. 2d 382 (1971).